UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TARRIKE T. RAMIREZ                                                           PLAINTIFF

v.                                    CIVIL ACTION NO. 3:17CV-P133-TBR

SOUTHERN HEALTH PARTNERS                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Tarrike T. Ramirez, a convicted inmate incarcerated in the Hardin County Detention Center (HCDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Southern Health Partners (SHP). He alleges that he is being denied medical treatment for a skin condition in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff seeks damages, and the Court also construes his complaint as seeking an injunction ordering medical treatment.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must perform an initial review of the complaint under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff sues only one Defendant – SHP. "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992

F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). SHP apparently has contracted with HCDC to provide medical services to inmates. For purposes of initial review, the Court presumes that SHP is a state actor. A private corporation, like SHP, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the

2

policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of SHP, and none of the allegations in his complaint indicate that Plaintiff was injured as a result of a policy or custom implemented or endorsed by SHP. Plaintiff, therefore, fails to establish a basis of liability against SHP and fails to state a cognizable § 1983 claim against that Defendant. For these reasons, the claims against SHP will be dismissed.

Before dismissing the action, however, the Court will provide Plaintiff with an opportunity to amend the complaint to name as Defendants those individuals he alleges denied him medical treatment,[1] to sue them in their individual capacity, and to describe how each Defendant purportedly violated the Eighth Amendment. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

For the foregoing reasons,

**IT IS ORDERED** that the claims against Southern Health Partners are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[1] In the "Statement of Claim(s)" section of the complaint form, Plaintiff mentions unnamed nurses, Nurse Aaron, Captain Hinote, and Nurse Larry, but he does not name them as Defendants in the caption or "Parties" sections of the complaint form.

3

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to name as Defendants any officers/employees/medical staff allegedly involved in the denial of medical treatment at the HCDC, to sue them in their individual capacity, and to describe what each Defendant allegedly did to violate his rights. The Court will perform an initial review under § 1915A on the amended complaint.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form and send it, along with six blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action for the reasons stated herein**.

Date:

cc: Plaintiff, *pro se*
 Defendant
4413.005